USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

TOPEKA SAM,

              Defendant.

---

16-cr-184 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

On January 19, 2017, this Court denied without prejudice to renewal the motion by the defendant, Topeka Sam, for an early termination of her supervised release. United States v. Sam, No. 16-cr-184, 2017 WL 455511 (S.D.N.Y. Jan. 19, 2017). Pending before this Court is the defendant's renewed motion. Sam started her supervised release on November 2, 2015 and has now served somewhat more than two years of a five year term of supervised release. Neither the Government nor the Probation Department oppose the defendant's request.

This Court has the discretion to terminate the defendant's supervised release based on "the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court must consider the factors enumerated in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). "These factors address 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" United States v. Harris, 689 F. Supp. 2d 692,

694 (S.D.N.Y. 2010) (quoting United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997)). Early termination of supervised release is "occasionally" justified due to the "changed circumstances" of a defendant, such as "exceptionally good behavior." Lussier, 104 F.3d at 36; see also United States v. Simmons, No. 05-cr-1049 (JGK), 2010 WL 4922192, at *4 (S.D.N.Y. Dec. 1, 2010). See also United States v. Cummings, No. 06-cr-481 (JGK), 2017 WL 946349, at *1 (S.D.N.Y. Mar. 7, 2017).

The record reflects that Sam has shown exceptional reasons for the early termination of her supervised release. She has complied with all of the conditions of her supervised release -- although that is a necessary, rather than a sufficient reason, for early termination. There is no identifiable risk to either the public or any identified party. See United States v. Chaar, No. 00-cr-217 (JGK), 2005 WL 1844773, at *1 (S.D.N.Y. Aug. 3, 2005). She has also shown extraordinary rehabilitation by working actively for the benefit of others who were previously imprisoned. She has received a Soros Justice Fellowship and is actively involved in various efforts to help those who were formerly incarcerated. In particular, she has been responsible for establishing Hope House, a home for formerly incarcerated women.

However, her laudable efforts have in fact been hampered by her supervised release because she is restricted in her ability

to associate with others who are still on supervised release. Her supervised release has also been cited as one reason why the New York State Department of Corrections and Community Supervision will not grant Hope House permission to open and house parolees. Terminating Ms. Sam's supervised release will allow her to work more actively with those who are still on supervised release and fulfill her goal of opening Hope House to its first residents.

Lastly, given that Sam has completed nearly half of her supervised release and has already completed a relatively substantial prison sentence, the continued period of supervised released is unnecessary for deterrence or to reflect the seriousness of the offense. Chaar, 2005 WL 1844773, at *1.

Therefore, after careful review of the defendant's circumstances in light of the facts enumerated in § 3553, the defendant's request for an early termination of supervised release is **granted**.

**SO ORDERED.**

**Dated:** New York, New York
February 12, 2018

_____
John G. Koeltl
**United States District Judge**